UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| MENDEL REIZES AND<br>YEHOSHUA YUSEWITZ<br>on behalf of themselves and<br>all other similarly situated consumers<br><br>                              Plaintiffs,<br><br>           -against-<br><br>SETERUS, INC.<br><br>                              Defendant. | Case #: 1:17-CV-03162-RJD-RML<br><br>**ANSWER AND AFFIRMATIVE<br>DEFENSES OF DEFENDANT<br>SETERUS, INC.** |

Defendant Seterus, Inc. ("Seterus"), by its counsel, as and for its Answer and Affirmative Defenses to the "Class Action Complaint," filed May 25, 2017 (the "Complaint") of plaintiffs Mendel Reizes and Yehoshua Yusewitz (together, "Plaintiffs"), states as follows:

## ANSWER

### FOR A RESPONSE TO
### *"Introduction"*

1. In response to the allegations contained in Paragraph 1 of the Complaint, Seterus denies that it employs "illegal practices . . . concerning the collection of debts, in violation of Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.*" and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of the Complaint.

### FOR A RESPONSE TO
### *"Parties"*

2. Seterus denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 of the Complaint.

3. Paragraph 3 of the Complaint contains legal conclusions to which no response by Seterus is required; but, to the extent a response is required, Seterus denies knowledge or

information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3 of the Complaint.

4. Seterus denies the allegations contained in Paragraph 4 of the Complaint.

5. Seterus denies the allegations contained in Paragraph 5 of the Complaint.

6. Paragraph 6 of the Complaint contains a legal conclusion to which no response by Seterus is required; but, to the extent a response is required, Seterus denies the allegations contained in Paragraph 6 of the Complaint.

**FOR A RESPONSE TO**
*"Jurisdiction and Venue"*

7. Seterus admits the allegations contained in Paragraph 7 of the Complaint.

8. Paragraph 8 of the Complaint contains a legal conclusion to which no response by Seterus is required; but, to the extent a response is required, Seterus denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 of the Complaint.

**FOR A RESPONSE TO**
*"Allegations Particular to Mendel Reizes and Yehoshua Yusewitz"*

9. In response to the allegations contained in Paragraph 9 of the Complaint, Seterus admits that in November 2015, Seterus began servicing a mortgage loan of Plaintiffs and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 of the Complaint.

10. In response to the allegations contained in Paragraph 10 of the Complaint, Seterus admits that the mortgage loan of Plaintiffs that Seterus serviced was obtained from HSBC Mortgage Corporation ("HSBC"), but denies that that loan "fell into default status sometime in

2009," and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 of the Complaint.

11. In response to the allegations contained in Paragraph 11 of the Complaint, Seterus admits that it began servicing Plaintiffs' loan after Plaintiffs first defaulted on their loan payments and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 of the Complaint.

12. Paragraph 12 of the Complaint contains a legal conclusion to which no response by Seterus is required; but, to the extent a response is required, Seterus denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 of the Complaint.

13. In response to the allegations contained in Paragraph 13 of the Complaint, Seterus admits that the servicing of Plaintiffs' loan was transferred from HSBC to Seterus after the loan was in default and otherwise denies the allegations contained in Paragraph 13 of the Complaint.

14. Seterus denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 of the Complaint.

15. In response to the allegations contained in Paragraph 15 of the Complaint, Seterus admits that Plaintiffs contacted Seterus to update their mailing address in June 2016 and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 of the Complaint.

16. Paragraph 16 of the Complaint contains a legal conclusion to which no response by Seterus is required; but, to the extent a response is required, Seterus denies the allegations contained in Paragraph 16 of the Complaint.

17. The first sentence of Paragraph 17 of the Complaint contains only statutory text to which no response by Seterus is required. Seterus respectfully refers the Court to the statute referenced therein for the full and complete substance thereof. The second sentence of Paragraph 17 of the Complaint contains a legal conclusion to which no response by Seterus is required; but, to the extent a response is required, Seterus denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17 of the Complaint.

18. Paragraph 18 of the Complaint contains legal conclusions to which no response by Seterus is required; but, to the extent a response is required, Seterus denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18 of the Complaint.[1]

19. Paragraph 19 of the Complaint contains a legal conclusion to which no response by Seterus is required; but, to the extent a response is required, Seterus denies the allegations contained in Paragraph 19 of the Complaint.

20. Paragraph 20 of the Complaint contains a legal conclusion to which no response by Seterus is required; but, to the extent a response is required, Seterus denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20 of the Complaint.

21. Paragraph 21 of the Complaint contains legal conclusions to which no response by Seterus is required; but, to the extent a response is required, Seterus denies the allegations contained in Paragraph 21 of the Complaint.

---

[1] Footnote 1 of the Complaint contains only legal citations and conclusions to which no response by Seterus is required; but, to the extent a response is required, Seterus denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Footnote 1 of the Complaint and respectfully refers the Court to the cases cited therein for the full and complete substance thereof.

22. In response to the allegations contained in Paragraph 22 of the Complaint, Seterus denies that "Defendant knew that it had sent all the collection notices to a wrong address" and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22 of the Complaint.[2]

23. In response to the allegations contained in Paragraph 23 of the Complaint, Seterus admits that it mailed a letter dated May 30, 2016 to Plaintiffs at 1615 Carroll St., Brooklyn, NY 11213-9409 and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 23 of the Complaint.

24. Paragraph 24 of the Complaint contains only statutory text to which no response by Seterus is required. Seterus respectfully refers the Court to the statute referenced therein for the full and complete substance thereof.

25. Seterus denies the allegations contained in Paragraph 25 of the Complaint.

26. Seterus denies the allegations contained in Paragraph 26 of the Complaint.

27. Seterus denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 27 of the Complaint and respectfully refers the Court to the letter referenced therein for the full and complete substance thereof.

28. Paragraph 28 of the Complaint contains a legal conclusion to which no response by Seterus is required; but, to the extent a response is required, Seterus denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 28 of the Complaint and respectfully refers the Court to the case cited therein for the full and complete substance thereof.

---

[2] Footnote 2 of the Complaint contains only legal citations to which no response by Seterus is required; but, to the extent a response is required, Seterus denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Footnote 2 of the Complaint and respectfully refers the Court to the cases cited therein for the full and complete substance thereof.

29. In response to the allegations contained in Paragraph 29 of the Complaint, Seterus admits that HSBC filed a foreclosure action against Plaintiffs on June 1, 2010 and otherwise denies the allegations contained in Paragraph 29 of the Complaint.

30. Seterus admits the allegations contained in the first sentence of Paragraph 30 of the Complaint. The second sentence of Paragraph 30 of the Complaint contains a legal conclusion to which no response by Seterus is required; but, to the extent a response is required, Seterus denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in the second sentence of Paragraph 30 of the Complaint and respectfully refers the Court to the case cited therein for the full and complete substance thereof.

31. In response to the allegations contained in Paragraph 31 of the Complaint, Seterus admits that "Plaintiffs had defaulted under the terms of the mortgage and note by failing to make the monthly mortgage installment payments" and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 31 of the Complaint.

32. Paragraph 32 of the Complaint contains legal conclusions to which no response by Seterus is required; but, to the extent a response is required, Seterus denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 32 of the Complaint and respectfully refers the Court to the cases cited therein for the full and complete substance thereof.

33. Paragraph 33 of the Complaint contains legal conclusions to which no response by Seterus is required; but, to the extent a response is required, Seterus denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 33 of the Complaint.

34. Paragraph 34 of the Complaint contains a legal conclusion to which no response by Seterus is required; but, to the extent a response is required, Seterus denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 34 of the Complaint.

35. Paragraph 35 of the Complaint contains a legal conclusion to which no response by Seterus is required; but, to the extent a response is required, Seterus admits that it sent Plaintiffs a letter dated May 30, 2016 and otherwise denies the allegations contained in Paragraph 35 of the Complaint.

36. Seterus denies the allegations contained in Paragraph 36 of the Complaint.

37. In response to the allegations contained in Paragraph 37 of the Complaint, Seterus admits that it sent Plaintiffs a letter containing the language quoted therein and respectfully refers the Court to that letter for the full and complete substance thereof.

38. Seterus denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 38 of the Complaint.

39. Paragraph 39 of the Complaint contains legal conclusions to which no response by Seterus is required; but, to the extent a response is required, Seterus denies the allegations contained in Paragraph 39 of the Complaint.

40. Paragraph 40 of the Complaint contains legal conclusions to which no response by Seterus is required; but, to the extent a response is required, Seterus denies the allegations contained in Paragraph 40 of the Complaint.

41. Paragraph 41 of the Complaint contains legal conclusions to which no response by Seterus is required; but, to the extent a response is required, Seterus denies the allegations contained in Paragraph 41 of the Complaint.

42. Paragraph 42 of the Complaint contains legal conclusions to which no response by Seterus is required; but, to the extent a response is required, Seterus denies the allegations contained in Paragraph 42 of the Complaint.

43. Seterus denies the allegations contained in Paragraph 43 of the Complaint.

44. Paragraph 44 of the Complaint contains a legal conclusion to which no response by Seterus is required; but, to the extent a response is required, Seterus admits that the letter dated May 30, 2016 does not include the language quoted therein and respectfully refers the Court to that letter for the full and complete substance thereof; however, Seterus denies "that the six-year statute of limitations applicable in New York had long since expired."

45. Paragraph 45 of the Complaint contains legal conclusions to which no response by Seterus is required; but, to the extent a response is required, Seterus denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 45 of the Complaint.

46. Paragraph 46 of the Complaint contains a legal conclusion to which no response by Seterus is required; but, to the extent a response is required, Seterus denies the allegations contained in Paragraph 46 of the Complaint.

47. Seterus denies the allegations contained in Paragraph 47 of the Complaint.

48. Seterus denies the allegations contained in Paragraph 48 of the Complaint.

49. Paragraph 49 of the Complaint contains a legal conclusion to which no response by Seterus is required; but, to the extent a response is required, Seterus denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 49 of the Complaint.[3]

---

[3] Footnote 3 of the Complaint contains only legal citations to which no response by Seterus is required; but, to the extent a response is required, Seterus denies knowledge or information sufficient to form a belief as to the truth of

50. Paragraph 50 of the Complaint contains legal conclusions to which no response by Seterus is required; but, to the extent a response is required, Seterus denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 50 of the Complaint.[4]

51. Paragraph 51 of the Complaint contains a legal conclusion to which no response by Seterus is required; but, to the extent a response is required, Seterus denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 51 of the Complaint.

52. Paragraph 52 of the Complaint contains legal conclusions to which no response by Seterus is required; but, to the extent a response is required, Seterus denies the allegations contained in Paragraph 52 of the Complaint.

53. Paragraph 53 of the Complaint contains legal conclusions to which no response by Seterus is required; but, to the extent a response is required, Seterus denies the allegations contained in Paragraph 53 of the Complaint.

54. Seterus denies the allegations contained in Paragraph 54 of the Complaint.

55. Seterus denies the allegations contained in Paragraph 55 of the Complaint.

56. Paragraph 56 of the Complaint contains a legal conclusion to which no response by Seterus is required; but, to the extent a response is required, Seterus denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 56 of the Complaint.

---

the allegations contained in Footnote 3 of the Complaint and respectfully refers the Court to the cases cited therein for the full and complete substance thereof.

[4] Footnote 4 of the Complaint contains only legal citations to which no response by Seterus is required; but, to the extent a response is required, Seterus denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Footnote 4 of the Complaint and respectfully refers the Court to the cases cited therein for the full and complete substance thereof.

57. Paragraph 57 of the Complaint contains legal conclusions to which no response by Seterus is required; but, to the extent a response is required, Seterus denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 57 of the Complaint.

58. Seterus denies the allegations contained in Paragraph 58 of the Complaint.

59. Seterus denies the allegations contained in Paragraph 59 of the Complaint.[5]

60. Seterus denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 60 of the Complaint.

61. Seterus denies the allegations contained in Paragraph 61 of the Complaint.

62. Seterus denies the allegations contained in Paragraph 62 of the Complaint.

63. Seterus denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 63 of the Complaint.

64. Seterus admits the allegations contained in the first sentence of Paragraph 64 of the Complaint. The second sentence of Paragraph 64 of the Complaint contains legal conclusions to which no response by Seterus is required; but, to the extent a response is required, Seterus denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in the second sentence of Paragraph 64 of the Complaint and respectfully refers the Court to the report and cases cited therein for the full and complete substance thereof.

65. Paragraph 65 of the Complaint contains a legal conclusion to which no response by Seterus is required; but, to the extent a response is required, Seterus denies knowledge or

---

[5] Footnote 5 of the Complaint contains only a legal citation to which no response by Seterus is required; but, to the extent a response is required, Seterus denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Footnote 5 of the Complaint and respectfully refers the Court to the case cited therein for the full and complete substance thereof.

information sufficient to form a belief as to the truth of the allegations contained in Paragraph 65 of the Complaint.[6]

66. Seterus denies the allegations contained in the first sentence of Paragraph 66 of the Complaint. The second sentence of Paragraph 66 of the Complaint contains a legal conclusion to which no response by Seterus is required; but, to the extent a response is required, Seterus denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in the second sentence of Paragraph 66 of the Complaint and respectfully refers the Court to the cases cited therein for the full and complete substance thereof.

67. Seterus denies the allegations contained in Paragraph 67 of the Complaint.

68. In response to the allegations contained in Paragraph 68 of the Complaint, Seterus admits that it sent written communications "to at least 50 natural persons in the State of New York within one year of the date of this Complaint" and otherwise denies the allegations contained in Paragraph 68 of the Complaint, including any implication of similarities with the May 30, 2016 letter other than that the May 30, 2016 letter qualifies as a written communication.

69. Paragraph 69 of the Complaint contains only statutory text to which no response by Seterus is required. Seterus respectfully refers the Court to the statute referenced therein for the full and complete substance thereof.

70. Paragraph 70 of the Complaint contains only statutory text to which no response by Seterus is required. Seterus respectfully refers the Court to the statute referenced therein for the full and complete substance thereof.

71. Seterus denies the allegations contained in Paragraph 71 of the Complaint.

---

[6] Footnote 6 of the Complaint contains only a legal citation to which no response by Seterus is required; but, to the extent a response is required, Seterus denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Footnote 6 of the Complaint and respectfully refers the Court to the case cited therein for the full and complete substance thereof.

72. Seterus denies the allegations contained in Paragraph 72 of the Complaint.

73. Seterus denies the allegations contained in Paragraph 73 of the Complaint.

74. Seterus denies the allegations contained in Paragraph 74 of the Complaint.

75. Seterus denies the allegations contained in Paragraph 75 of the Complaint.

76. Paragraph 76 of the Complaint contains legal conclusions to which no response by Seterus is required; but, to the extent a response is required, Seterus denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 76 of the Complaint.

77. Seterus denies the allegations contained in Paragraph 77 of the Complaint.[7]

78. In response to the allegations contained in Paragraph 78 of the Complaint, Seterus admits that it sent Plaintiffs a letter containing the language quoted therein and respectfully refers the Court to that letter for the full and complete substance thereof.

79. Seterus denies the allegations contained in Paragraph 79 of the Complaint.[8]

80. Seterus denies the allegations contained in Paragraph 80 of the Complaint.

81. Paragraph 81 of the Complaint contains a legal conclusion to which no response by Seterus is required; but, to the extent a response is required, Seterus denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 81 of the Complaint.

---

[7] Footnote 7 of the Complaint contains only legal citations to which no response by Seterus is required; but, to the extent a response is required, Seterus denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Footnote 7 of the Complaint and respectfully refers the Court to the cases cited therein for the full and complete substance thereof.

[8] Footnote 8 of the Complaint contains only a legal citation to which no response by Seterus is required; but, to the extent a response is required, Seterus denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Footnote 8 of the Complaint and respectfully refers the Court to the case cited therein for the full and complete substance thereof.

82. In response to the allegations contained in Paragraph 82 of the Complaint, Seterus denies that the exhibit referenced therein demonstrates that "HSBC was aware that the Plaintiffs were being represented by counsel" and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 82 of the Complaint.

83. Seterus denies the allegations contained in Paragraph 83 of the Complaint.

84. Paragraph 84 of the Complaint contains only statutory text to which no response by Seterus is required. Seterus respectfully refers the Court to the statute referenced therein for the full and complete substance thereof.

85. Seterus denies the allegations contained in Paragraph 85 of the Complaint.

86. Seterus denies the allegations contained in Paragraph 86 of the Complaint.

87. Seterus denies the allegations contained in Paragraph 87 of the Complaint.

88. Seterus denies the allegations contained in Paragraph 88 of the Complaint.

89. Seterus denies the allegations contained in Paragraph 89 of the Complaint.

90. Seterus denies the allegations contained in Paragraph 90 of the Complaint.

91. Seterus denies the allegations contained in Paragraph 91 of the Complaint.

92. Seterus denies the allegations contained in Paragraph 92 of the Complaint.

93. The first and second sentences of Paragraph 93 of the Complaint contain legal conclusions to which no response by Seterus is required; but, to the extent a response is required, Seterus denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first and second sentences of Paragraph 93 of the Complaint. Seterus denies the allegations contained in the third sentence of Paragraph 93 of the Complaint.

94. Seterus denies the allegations contained in Paragraph 94 of the Complaint.

95. Seterus denies the allegations contained in Paragraph 95 of the Complaint and denies that Plaintiffs are entitled to the relief described therein.

**FOR A RESPONSE TO
PLAINTIFFS' FIRST CAUSE OF ACTION**

*Violations of the Fair Debt Collection Practices Act brought by Plaintiffs on behalf of themselves and the members of the class, as against the Defendant.*

96. In response to the allegations contained in Paragraph 96 of the Complaint, Seterus repeats and incorporates as if fully set forth herein each and every response to the allegations contained in Paragraphs 1 through 95.

97. In response to the allegations contained in Paragraph 97 of the Complaint, Seterus denies that Plaintiffs are entitled to bring this cause of action on behalf of the members of the three putative classes and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 97 of the Complaint.

98. Seterus denies that the class described in Paragraph 98 of the Complaint is certifiable and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 98 of the Complaint.

99. Seterus denies that the class described in Paragraph 99 of the Complaint is certifiable and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 99 of the Complaint.

100. Seterus denies that the class described in Paragraph 100 of the Complaint is certifiable and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 100 of the Complaint.

101. Seterus denies the allegations contained in Paragraph 101 of the Complaint, including the allegations in Subparagraphs A through E, therein.

102. Seterus denies the allegations contained in Paragraph 102 of the Complaint.

103. In response to the allegations contained in Paragraph 103 of the Complaint, Seterus denies that Plaintiffs will be able to establish the requirements to certify a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 103 of the Complaint.

104. Paragraph 104 of the Complaint contains a legal conclusion to which no response by Seterus is required; but, to the extent a response is required, Seterus denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 104 of the Complaint.

*Violations of the Fair Debt Collection Practices Act*

105. Seterus denies the allegations contained in Paragraph 105 of the Complaint.

106. Seterus denies the allegations contained in Paragraph 106 of the Complaint and denies that Plaintiffs and the members of the putative classes are entitled to the relief described therein.

**FOR A RESPONSE TO
PLAINTIFFS' REQUEST FOR RELIEF**

107. Seterus denies that Plaintiffs are entitled to preliminary or permanent injunctive relief, "[s]tatutory damages provided under the FDCPA," "[a]ttorney fees, litigation expenses and costs incurred in bringing this action," or any other relief requested by Plaintiffs in the "WHEREFORE" clause following Paragraph 106 of the Complaint, including Subparagraphs A through C, therein.

**GENERAL DENIAL**

108. Seterus denies any and all allegations not specified above.

## AFFIRMATIVE DEFENSES

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE, SETERUS ALLEGES AS FOLLOWS:

109. Plaintiffs have not alleged or sustained any damages that were caused by Seterus, or for which Seterus is, or could be, legally responsible.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE, SETERUS ALLEGES AS FOLLOWS:

110. Seterus possesses a defense under 15 U.S.C. § 1692k(c), as any violation of 15 U.S.C. § 1692, *et seq.* was unintentional and resulted from a bona fide error, notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE, SETERUS ALLEGES AS FOLLOWS:

111. The putative classes' claims and causes of action are barred, in whole or in part, by the applicable statute of limitations.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE, SETERUS ALLEGES AS FOLLOWS:

112. The putative classes' claims and causes of action are barred, in whole or in part, by the doctrines of payment, release, and/or waiver.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE, SETERUS ALLEGES AS FOLLOWS:

113. To the extent punitive damages are sought against Seterus, such damages are not recoverable because the allegations against Seterus in the Complaint are legally insufficient to support a claim for punitive damages.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE, SETERUS ALLEGES AS FOLLOWS:

114. Seterus hereby gives notice that it intends to rely upon any other and additional defenses that are now or may become available during or as a result of the discovery proceedings in this action, and hereby reserves its right to amend this Answer to assert such defenses.

WHEREFORE, Seterus respectfully requests that the Complaint and each and every cause of action asserted therein be dismissed against Seterus, with prejudice, together with such other and further relief as the Court may deem just and proper.

New York, New York
August 4, 2017

                                                    Respectfully submitted,

By:   /s/ Robin L. Muir
        Lisa J. Fried
        Robin L. Muir
Hogan Lovells US LLP
875 Third Avenue
New York, New York 10022
Tel: (212) 918-3000
Fax: (212) 918-3100
lisa.fried@hoganlovells.com
robin.muir@hoganlovells.com
*Counsel for Defendant Seterus, Inc.*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on this 4th day of August, 2017, I caused the foregoing document to be filed electronically with the Clerk of Court through ECF, and that ECF will send an e-notice to all appearing parties.  Parties may access this filing through the Court's ECF System.

New York, New York
August 4, 2017

                                                    /s/  Robin L. Muir
                                                      Robin L. Muir